## CONSTRUCTION OF A BOND OF INDEMNITY.

Court of Appeals for Hamilton County.

THE SUPREME COUNCIL OF THE ROYAL ARCANUM v. EMMA SANDAU FOLZ ET AL.

Decided, March 29, 1915.

*Pleading—Conditions of the Bond Sued on Discovered by Search of the Record at Hearing on Demurrer—Liability of Sureties on Bond of Indemnity Against a Claim in Litigation Together With Counsel Fees and Other Expenses.*

1. While in an action to enforce a bond it is not competent, on demurrer to the petition, to look to the bond attached thereto for the purpose of determining whether liability has arisen thereunder, nevertheless a reviewing court, upon searching the record and ascertaining from a prior pleading the conditions of the bond claimed to have been breached and there set out *in haec verba*, may adjudge whether the default alleged is within the condition of the bond.

2. Where the condition of a bond is that the obligee shall be held blameless on account of a certain claim in litigation, together with counsel fees and other expenses, the indemnity promised covers only the amount the obligee is compelled to pay by legal proceedings, and does not include counsel fees and other expenses incurred in defeating said claim.

*Edwin J. Howard,* for plaintiff in error.
*Kinkead & Rogers,* for E. S. Folz.
*Adam A. Kramer,* for Eleanora C. Alms and Williams Alms.

GORMAN, J.

The action below was one to recover upon a bond executed by William Sandau as principal, and William H. Alms and Frederick H. Alms as sureties, in favor of the plaintiff in error.

Plaintiff in error, a fraternal benevolent association, had issued a certificate in the sum of $3,000 upon the life of Frederick H. Sandau. At his death the certificate was presented for payment and at that time the wife of Frederick H. Sandau, Lillian

Sandau, made claim for the money payable under the certificate. It appeared that there had been a former certificate issued by defendant in error on the life of Frederick H. Sandau payable to Lillian Sandau, his wife. This certificate had not been taken up and canceled, but a new certificate was issued upon the life of Frederick H. Sandau, payable to his brother, William Sandau. This brother, William Sandau, paid the premiums during the lifetime of Frederick H. Sandau, and presented this certificate for payment upon his death. Thereupon, plaintiff in error stated that Lillian Sandau, the widow of Frederick H. Sandau, made claim to the fund. Plaintiff in error finally agreed to pay the $3,000 to William H. Sandau upon condition that he execute a bond of indemnity to the plaintiff in error, which bond was accordingly executed, a copy of which is attached to the petition and made part thereof.

A demurrer was sustained to the petition, and thereupon an amended petition was filed setting out many facts, and attaching a copy of the bond to the amended petition, and making it a part thereof.

The defendant, Emma Sandau Folz, as executrix of the estate of William Sandau, deceased, demurred to the amended petition for the reason that same did not state facts sufficient to constitute a cause of action. Eleanora C. Alms, administratrix of the estate of Frederick H. Alms, and Eleanora C. Alms individually also demurs to the amended petition, as did William H. Alms. Their demurrers also were upon the grounds that the amended petition did not state facts sufficient to constitute a cause of action. The demurrers to this amended petition were sustained, and the plaintiff not desiring to plead further or amend the amended petition, the defendants were all dismissed, with their costs.

Error is prosecuted to this judgment of the court below in sustaining the demurrers to the amended petition.

The copy of the bond attached to the amended petition is as follows:

"Know all men by these presents.

"That we, William Sandau, as principal, and William H. Alms and Frederick H. Alms, as sureties, all of Cincinnati, Ohio,

are held and firmly bound unto the Supreme Council of the
Royal Arcanum, a corporation duly established under the laws
of the Commonwealth of Massachusetts, in the sum of Three
Thousand ($3,000.00) Dollars, to be paid to the said Supreme
Council of the Royal Arcanum, its successors or assigns, for the
payment whereof well and truly to be made, we jointly and sev-
erally bind ourselves, our heirs, executors and administrators
firmly by these presents.

"Signed by us this 17th day of February, A. D., eighteen
hundred and ninety-seven.

"The condition of the above obligation is such that whereas,
the Supreme Council of the Royal Arcanum, on the 12th day of
October, 1893, issued its benefit certificate No. 141,020, to Fred-
erick H. Sandau, a member of Hoboken Council No. 99, Royal
Arcanum, located at Hoboken, N. J., payable upon the death of
said Frederick H. Sandau, to his brother William Sandau;

"And whereas, the said Frederick H. Sandau departed this
life on June 30, 1896, and due proof of his death has been fur-
nished to the said Supreme Council of the Royal Arcanum;

"And whereas, all of the assessments, dues and payments
required under said certificates have been duly paid since the
issuance thereof by the said William Sandau;

"And whereas the said Frederick H. Sandau died without
leaving any children, but leaving Lillian Sandau as his widow;

"And whereas the said Lillian Sandau claims some interest
or ownership in said certificates, or the amount payable there-
under by reason of the existence of a prior certificate, and the
said William Sandau claims to be the sole beneficiary under said
certificate, and that the said widow has no right, title or interest
in or to said certificate, and is desirous of collecting the amount
payable thereunder, and the said Supreme Council of the Royal
Arcanum is willing to pay the same to him, provided it is in-
demnified against any claim or interest to which the said Lillian
Sandau is or may be entitled;

"And whereas, in consideration of the payment of the amount
due under said first named certificate by the said corporation to
the said William Sandau, the said William Sandau has agreed,
and does hereby agree, in case the said corporation shall ever be
called upon or required through any legal proceedings to pay to
the said Lillian Sandau any sum of money whatever under said
certificate or any prior certificate issued by said corporation to
said Frederick H. Sandau or by reason of or under the mem-
bership of said Frederick H. Sandau in said Hoboken Council
No. 99, that he will on demand pay to said corporation, the said
sum, together with such counsel, court and witness fees and

other expenses as it shall reasonably incur in connection with the claim of said Lillian Sandau or any person claiming by, through or under her and will fully reimburse the said corporation in any sum and all sums it shall be thus obliged to pay said Lillian Sandau and in all such fees and expenses as aforesaid.

"Now, therefore, if the said William Sandau shall fully keep and perform his said agreement; then this obligation shall be void; otherwise it shall be and remain in full force and effect.

"Wm. Sandau    (Seal.)<br>
"Fred H. Alms   (Seal.)<br>
"Wm. H. Alms   (Seal.)

"Executed in our presence:

"John Fred. Theler,

"Wm. Stegner.

"State of Ohio, County of Hamilton, ss:

"Be it remembered that on the 17th day of February, 1897, personally appeared before me, the undersigned Notary Public in and for Hamilton County, Ohio, duly commissioned and qualified, William H. Alms and Frederick H. Alms, the parties mentioned in the foregoing instrument, and acknowledged the signing and sealing thereof to be their voluntary act for the uses and purposes therein mentioned.

"In testimony whereof, I have hereunto subscribed my name and affixed my Notarial seal at Cincinnati, Ohio, this 17th day of February, 1897.

"Jacob Kramer,<br>
"Notary Public in and for Hamilton County, Ohio."

Now it will be seen from a perusal of this bond that William Sandau agreed in case the corporation should ever be called upon or required through any legal proceedings to pay the said Lillian Sandau any sum of money under said certificate or any prior certificate, or by reason of the membership of said F. H. Sandau in said corporation, he, William Sandau, would on demand pay to said corporation the said sum, together with such counsel, court and witness fees and other expenses as it shall reasonably incur in connection with the claim of said Lillian Sandau, and will fully reimburse the corporation in any sum and all sums it shall be thus obliged to pay to said Lillian Sandau and in all such fees and expenses as aforesaid.

The amended petition discloses that suit was brought by Lillian Sandau against the plaintiff corporation in the circuit

court of Hudson county, N. J., to recover the $3,000 which she claimed under the certificate issued by plaintiff, or under a former certificate which was taken up and replaced by the one that was in existence at the time of the death of her husband, Frederick H. Sandau. This cause was pending for many years in the New Jersey court, and a judgment was finally rendered on December 13, 1911, in favor of the plaintiff in error, the Supreme Council of the Royal Arcanum, and the action of Lillian Sandau was dismissed and she recovered no sum whatsoever. Three thousand dollars was paid to William Sandau upon the execution of the bond.

Plaintiff in error avers that it incurred expenses amounting to $142.76 for taking depositions and testimony in said case in New Jersey, which sum was paid by William Sandau in his lifetime, and it also incurred an expense of $496.33 as attorneys fees for defending said cause in New Jersey, said sum having been charged by one W. O. Apgar, and attorney, and that the same were reasonably worth the amount of his charges. Plaintiff in error therefore prays judgment against the defendants in error on said bond in the sum of $496.33.

The question submitted to the court below, and also to this court, is what is the construction to be placed upon this bond. It is contended by counsel for plaintiff in error that the principal, William Sandau, and the sureties on the bond were obligated to pay counsel fees, court costs and witness fees, and other expenses connected with the claim of Lillian Sandau, whether she recovered a judgment or not; while counsel for the sureties and Mrs. Folz, the widow of Sandau, claim that the condition of the bond is such that they were not required to pay except where there was a recovery against the plaintiff in error in favor of Lillian Sandau, in which event they were to pay under the bond the amount of recovery, together with the court costs, attorney fees, witness fees and other expenses.

It may be that it was the intention of the parties to draw a bond to indemnify the plaintiff in error against any loss or expenses which it might incur by reason of the claim of Lillian Sandau, whether her claim was successful or unsuccessful, but

as we read this bond we are of the opinion that the condition of the bond is such that the principal and the sureties thereon were not obligated to pay to the plaintiff in error any sum whatsoever unless it was required to pay by legal proceedings.

Now the amended petition discloses that the plaintiff in error was not required to pay anything to Lillian Sandau in the court proceedings, and therefore plaintiff in error has no claim upon the principal and sureties upon this bond, because it was not called upon or required to pay Lillian Sandau, by legal proceedings or otherwise, and it was only in the event that the plaintiff in error was required to pay by legal proceedings that counsel fees, witness fees, court fees and other expenses were to be paid. The language of the bond is that he will on demand "pay to said corporation the said sum, together with such counsel, court and witness fees," etc., as it shall reasonably incur in connection with the claim of said Lillian Sandau. Said sum refers to the money which the plaintiff in error may be called upon or required to pay to Lillian Sandau by legal proceedings, and it was only in the event that it was required to pay this sum that the plaintiff in error could call upon the principal and the sureties on this bond to pay a sum other than counsel fees, witness fees and court costs. The position of plaintiff in error was that William Sandau, or Lillian F. Sandau, the widow of Frederick Sandau, was entitled to $3,000, and it was desirous of protecting itself against the payment of this sum twice. William Sandau was anxious to receive the $3,000, but if it should be adjudged in a legal proceeding that Lillian Sandau was entitled to the money, then he was to refund the $3,000 paid to him by the plaintiff in error.

We do not think that the principal and the sureties on this bond obligated themselves to pay court costs, witness fees, counsel fees and other expenses, if Lillian Sandau failed in her legal proceedings to recover from the plaintiff in error. We think that the plain language of the bond calls for no other construction, if we take into consideration the words "together with such counsel and witness fees" in connection with that which precedes the words. It will be manifest that it was only in the event that plaintiff in error was obliged to pay to Lillian F. Sandau, that

William Sandau was to reimburse plaintiff in error for the amount which it was obliged to pay to Lillian F. Sandau, and then counsel fees, court costs, witness fees, etc., were also to be paid. This conclusion is further strengthened by the words "fully reimburse the corporation in any sum and all sums it shall be *thus* obliged to pay said Lillian F. Sandau and in all such fees and expenses as aforesaid." The word "thus" refers to the obligation of the plaintiff in error to pay to Lillian F. Sandau by legal proceedings and not otherwise.

The amended petition having disclosed that the plaintiff in error was not required or called upon by legal proceedings to pay Lillian F. Sandau, but on the contrary was discharged by legal proceedings from any liability to her, plaintiff in error was not in a position to call upon the principal and sureties on this bond to pay any counsel fees, court costs, witness fees or other expenses incurred in that litigation. The obligation to pay counsel fees—and that is all that is involved in this case— would only follow the recovery of a judgment in favor of Lillian Sandau against the plaintiff in error, or the requirement by some legal proceeding upon the part of the plaintiff in error to pay Lillian Sandau a sum of money.

The amended petition sets out that plaintiff declined to pay William Sandau, upon his demand, the $3,000 provided in said certificate, unless said William Sandau should indemnify it by giving it a good and sufficient bond to hold it harmless from loss or liability that it might be called upon or required to pay said Lillian Sandau under said certificate or under said prior certificate and from any loss by reason of the payment by it of any counsel fees, court fees, witness fees and other expenses incurred in connection with the claim of said Lillian Sandau, etc., and to reimburse plaintiff in any sum or sums it should be obliged to pay said Lillian Sandau and from any loss by reason of the payment of any counsel fees, court fees, witness fees and other expenses incurred as aforesaid in connection with the claim of said Lillian Sandau *irrespective of whether or not any judgment was rendered in favor of said Lillian Sandau or against the said Supreme Council of the Royal Arcanum.*

104            COURT OF APPEALS.

_____
            Royal Arcanum v. Folz et al.        [Vol. 25 (N.S.)

The above underscored words are not in the bond executed; nor does plaintiff aver that they are set out in the condition of the bond. All that is averred with reference to the condition of the bond is that plaintiff declined to pay the $3,000 *unless* William Sandau would execute a bond containing the conditions averred. It fails to state that *such a bond was executed.* It then avers, after the averments above set out, that William Sandau executed and delivered to plaintiff his certain bond in the sum of $3,000 signed by him as principal and William H. Alms and Frederick H. Alms as sureties, a true copy of said bond being hereto attached and marked ''Exhibit A'' and made a part hereof. Plaintiff utterly fails to set out the conditions which the plaintiff demanded should be incorporated into the bond. This was not sufficient in our opinion; but it should either have averred that *the conditions demanded to be incorporated into the bond, were made a part of the bond,* or he should have set out the condition of the bond *in haec verba,* as it did in the original petition.

By its failure to do this we are of the opinion that its amended petition was fatally defective as against the demurrer.

This case was argued and briefed in this court by all the parties, on the theory that the copy of the bond attached to the amended petition is a part of the petition. We have doubts as to whether or not the copy of the bond is a part of the amended petition under the decisions construing Section 11333, General Code, but are inclined to the opinion that it can not be considered a part of the amended petition.

Unless the demurrer searches the record so as to enable us to look at the original petition, which does set out the condition of the bond *in haec verba,* we would not be warranted in holding that the condition of the bond has not been broken or that the terms and conditions thereof are such as preclude a recovery by plaintiff under the averments of the amended petition. There are authorities which hold that on a demurrer to a pleading the court may search the record and look to a similar prior pleading filed by the same party to determine whether or not a judgment should be given against the party whose pleading is first de-

fective in substance. *Trott* v. *Sarchett et al,* 10 O. S., 242; *R. R. Co.* v. *Mowatt,* 35 O. S., 284, 286; *Johnson* v. *Pensacola R. R. Co.,* 16 Fla., 623.

For these reasons we have thought is not improper to express our views on the construction to be given to the bond and the condition thereof, and so considering this aspect of the case, we have expressed the opinion that there is no liability under this bond, under the pleadings filed in the case.

The judgment of the court of common pleas will therefore be affirmed.

JONES (Oliver B.), J., concurs.


JONES (E. H), P. J., dissenting.

The court can not look to the exhibit as a part of the amended petition (*Crawford* v. *Morrison,* 27 O. S., 421; *Olney* v. *Watts,* 43 O. S., 499). In the latter case the court said:

"If the exhibit could be looked to, as a part of the petition, perhaps it does appear, but the exhibit is no part of the pleading and does not help it out. We are therefore compelled to lay out of view what counsel on both sides seem to concede in argument that we should consider on this demurrer; that is, what appears in the exhibit attached to the petition but not made a part of it."

The plaintiff in the case before us in its petition undertakes to make the exhibit a part of it, but that does not help the pleading. We must determine the sufficiency or insufficiency of a pleading from its "direct averments." *Olney* v. *Watts, supra.*

Without reference to the bond sued upon and attached to the petition, the pleading states a cause of action, and the demurrer for that reason is not well taken.

But the majority of this court decides the case as if the bond is a part of the amended petition, and it was so argued by counsel. The bond is only evidence, and a copy is required by statute to be attached to the petition. If, upon trial, the evidence does not support the petition, plaintiff must fail; but we can not look to evidence, oral or documentary, in the consideration of a demurrer to the petition.

But since counsel, the lower court and the majority of the members of this court, have looked upon the demurrer as calling for a construction of the bond upon which the claim of plaintiff rests, I must express my disapproval and dissent from the judgment thereon.

The bond given by Sandau and his sureties provides that if the obligee is ever called upon through legal proceedings to pay to Lillian Sandau any sum of money under any certificate issued to Frederick H. Sandau, they will pay to it on demand said sum together with such counsel, court and witness fees and other expenses as it shall reasonably incur *in connection with said claim of said Lillian Sandau, and fully reimburses it in any and all sums it shall be thus obliged to pay her and in all such fees and expenses.* At the time this bond was given, the plaintiff had been called upon by Lillian Sandau to pay to her the amount of the certificate, so that there were in fact two claimants for the fund. It was to protect the plaintiff company that the bond was given.

The interpretation placed upon this bond is unreasonable. The bond is self-explanatory and expresses the agreement between the parties in clear and unmistakable language. Admitting the genuineness of the bond and the allegations of the amended petition, the plaintiff has a right to recover in this action. To hold otherwise involves so many absurdities and inconsistencies as to cast aspersion upon the intelligence and even upon the sanity of the contracting parties. It means that they contracted that if the obligee who was to defend the suit made a weak defense and lost the case, it was to profit thereby, because in such a proceeding the costs and expenses would not be as great as in a case where capable counsel were employed and a determined effort made to succeed. In the event the case was lost, as a result of feeble and indifferent defense, the Supreme Council, under the terms of the bond, would on demand be paid the expenses incurred; but if by vigilance and industry it won the case, it must pay all expenses. It must be admitted that by such a misconstruction, the bond induces negligence, offers a reward for perfidy, and places a premium upon inaction and default.